UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  20-CV-23080-UNGARO/O'SULLIVAN

INTERNATIONAL MARKETS LIVE, INC.,
d/b/a iMARKETSLIVE,

    Plaintiff,

v.

SCOTT HUSS,

    Defendant.
                             /

### ORDER

THIS MATTER is before the Court on the Defendant's Amended Motion for Leave to File under Seal (DE# 83, 11/13/20).  Having reviewed the amended motion, which is unopposed, it is

ORDERED AND ADJUDGED that the Defendant's Amended Motion for Leave to File under Seal (DE# 83, 11/13/20) is DENIED. "A common law right of access exists as to civil proceedings." Wilson v. American Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985). "Once a matter is brought before a court for resolution, it is no longer the parties' case, but also the public's case.  Absent a showing of extraordinary circumstances set forth by the district court in the record consistent with Wilson, the court file must remain accessible to the public." Brown v. Advantage Engineering, Inc. 960 F.2d 1013, 1016 (11th Cir. 1992). Courts have recognized a common law right to access even where the parties have privately agreed to keep certain matters confidential.  See Pessoa v. Countrywide Home Loans, Inc., No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *1 (M.D. Fla. April 2, 2007).  "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero

v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001)). "The right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." Romero, 480 F.3d at 1244. The good cause requirement "balances the asserted right of access against the other party's interest in keeping the information confidential." Chicago Tribune, 263 F.3d at 1309.

In the present case, the defendant has failed to show good cause to seal the deposition transcript of Scott Brown, which was filed as an exhibit for the evidentiary hearing on the plaintiff's motion for preliminary injunction. The undersigned has reviewed the deposition transcript of Jason Brown and has not found anything that warrants sealing.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **18th** day of November, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE