UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 20-CV-23080-UU**

INTERNATIONAL MARKETS LIVE, INC.,
dba iMARKETSLIVE,

      Plaintiff,

v.

SCOTT HUSS, an individual,

      Defendant.

## CONSENT INJUNCTION

THIS CAUSE came before the Court upon the Joint Motion for Entry of Consent Injunction, D.E. 108, submitted by Plaintiff International Markets Live, Inc. ("IML") and Defendant Scott Huss (the "Joint Motion"). The Court has reviewed the Joint Motion, the Complaint, the Report and Recommendation, the Court's Order on Magistrate Judge's Report and Recommendation, and the other matters of record and is otherwise fully advised in the premises. The Court finds:

1.    The parties stipulate that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that IML is a New York corporation with its principal place of business in Nevada, and is qualified to do business in the State of Florida, and Mr. Huss is a citizen of the State of Florida, and the matter in controversy exceeds the sum or value of $75,000.00.

2. Mr. Huss stipulates that the Court has personal jurisdiction over him for the claims asserted in the Complaint filed by IML, and the ability to enter and enforce the terms of this Consent Injunction. Mr. Huss stipulates that the venue is proper in the Southern District of Florida.

3. The parties have stipulated to the terms of this Consent Injunction to resolve all claims that were made or that could have been made between them in this action up to and including the date of entry of this Consent Injunction.

4. The Court has previously found that IML is not required to post a bond pursuant to Federal Rule of Civil Procedure 65(c). *See* D.E. 98. Mr. Huss stipulates that IML has no obligation to post an injunction bond.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

A. The Joint Motion for Entry of Consent Injunction, D.E. 108, is **GRANTED** as follows:

Beginning on the date of entry of this Consent Injunction (the "Effective Date"), and for avoidance of doubt, without applying to any conduct that occurred prior to the Effective Date, Mr. Huss and any agents, servants, employees, attorneys, and all others persons in active concert orparticipation with him who receive actual notice thereof by personal service or otherwise, are enjoined from directly or indirectly, on their own, or through individuals or entities:

    i. For one year from the Effective Date, misappropriating IML's proprietary and trade secret information ("One-Year Period").

    ii. For six months from the Effective Date, soliciting, enrolling, encouraging or influencing in any other way, or attempting to do any of the foregoing, (either directly or through a third party), another IML Independent Business Owner or customer to enroll or participate in any direct sales or network marketing business, unless that fellow Independent Business Owner or customer was personally sponsored by Mr. Huss to IML ("Six-Month Period"). IML Policies and

Procedures § 3.7. Customers may purchase non-competing products or services from Mr. Huss. *Id.*, at § 3.7(d).

          iii.      For one year following the Effective Date, (a) using information in business reports, lists of customer and Independent Business Owner names and contact information and any other information, which contain financial, technical or other information both written or otherwise circulated by IML or pertaining to the business of IML ("Reports") to compete with IML or for any other purpose; and (b) using or disclosing to any person or entity any confidential information contained in the Reports, including the replication of the genealogy in another network marketing company. *Id.* § 12.3.

    B.    As further agreed by the parties, if Mr. Huss or any of his agents, servants, employees, attorneys, or others persons in active concert or participation with him are found by the arbitrator to have violated any provision of this Consent Injunction, a Judgment for Damages in the form of Exhibit A to this Consent injunction will be entered against Mr. Huss by the District Court. The parties stipulate that the amount set forth in the draft Judgment for Damages that is Exhibit A to this Consent Injunction is not a penalty, but rather represents a fair estimate of IML's damages and an award of its attorneys' fees and costs to which IML would be entitled for prevailing in this action. As an essential component of the parties' settlement, IML has agreed to forgo its claims for fees and costs so long as Mr. Huss and his agents, servants, employees, attorneys, or others persons in active concert or participation with him do not violate the terms of this Consent Injunction.

    C.    This Consent Injunction shall expire after one year from the date of its entry. However, IML may move to enforce Paragraph B above after one year, but within four years, if it subsequently discovers that a violation occurred during the One Year Period.

      D.      Nothing in this Consent Injunction shall waive IML's rights to bring suit or take any other actions necessary to protect, nor authorize Mr. Huss to use, its trade secrets after the expiration of this Consent Injunction. By way of example, after the One Year Period, IML may still file an action against Huss regarding any alleged misappropriation of its proprietary and trade secret information occurring after the One Year Period, regardless of the fact that this Consent Injunction covers only a one-year period. For the avoidance of doubt, nothing in this agreement is meant to imply that IML cannot bring such a suit after the expiration of this agreement.

      E.      This Case is **DISMISSED,** and the Clerk of Court is directed to **CLOSE** this case and **DENY** as moot any pending motions. This Court shall maintain jurisdiction over this action to enforce this Consent Injunction.

DONE AND ORDERED in Chambers, Miami, Florida, this _14th_ day of April 2021.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record via CM/ECF

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-CV-23080-UU

INTERNATIONAL MARKETS LIVE, INC.,
d/b/a iMARKETSLIVE,

        Plaintiff,

  v.

SCOTT HUSS, an individual,

        Defendant.

## JUDGMENT FOR DAMAGES AGAINST DEFENDANT SCOTT HUSS

Pursuant to Federal Rule of Civil Procedure 58 and this Court's Consent Injunction, DE 110, it is hereby ORDERED AND ADJUDGED that JUDGMENT is entered against Defendant Scott Huss and in favor of Plaintiff International Markets Live, Inc. d/b/a iMarketsLive in the amount of $1,500,000.00, plus any unshared arbitration costs associated with enforcing the arbitrator's decision, if applicable, upon which post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961, for which sums let execution issue.

DONE AND ORDERED in Chambers, Miami, Florida, this _14th_ day of April 2021.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record via CM/ECF